IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **TWIN LAKES DAIRY L.P.,** § § **Plaintiff,** § § § v. § § **UNITED STATES SECRETARY OF** § **LABOR ELAINE L. CHAO, and** § **UNITED STATES DEPARTMENT** § **OF LABOR,** § § **Defendants.** § | Civil Action No. _____ FILED: AUGUST 28, 2008 08CV4923 JUDGE KENDALL MAGISTRATE JUDGE NOLAN AEE |

## MANDAMUS ACTION

Plaintiff Twin Lakes Dairy L.P. ("Twin Lakes Dairy" or "Plaintiff") brings this mandamus action against Defendant United States Secretary of Labor Elaine L. Chao ("Chao"), and Defendant United States Department of Labor ("U.S. DOL") (collectively "Defendants") and would show as follows:

### I.
### FACTS

1. In late June 2008 Twin Lakes Dairy filed an Application for Temporary Alien Labor Certification on behalf of twenty (20) un-named workers ("June 2008 Application").

2. Prior to its June 2008 Application, Twin Lakes Dairy participated in the H-2A visa program for nearly ten (10) years. During those years, Twin Lakes Dairy's applications for Temporary Alien Labor Certification were consistently approved by U.S. DOL as seasonal in nature.

3. In June 2008, however, Twin Lakes Dairy learned that its June 2008 Application was not accepted for processing by U.S. DOL's Chicago Processing Center. In response to Twin Lakes Dairy's June 2008 Application, U.S. DOL claimed "the employer's job duties are concerned with milking cows. Such work appears to be a year-round activity, and neither temporary nor seasonal in nature." U.S. DOL concluded that Twin Lakes Dairy must modify its application to show that "all listed job duties are either temporary or seasonal in nature."

4. The June 2008 Application had the following duties: *set up milking parlor and milking units, prepare cows for milking, operate milking equipment, and clean milking units and barn when done*. The table below details the similarities between the job duties identified in the June 2008 Application with the job duties identified in Twin Lakes Dairy's 2005, 2006, and 2007 applications, all of which U.S. DOL's Chicago Processing Center approved.

| Year | 2005 | 2006 | 2007 |
|---|---|---|---|
| **Dates of Need** | 9/12/05 – 7/12/06 | 9/12/06 – 7/12/06 (revised to 9/18/06) | 9/3/07 – 7/3/08 |
| **Title** | Milker | Milker | Milker |
| **Job Duties (per ETA 750)** | Cleaning cows after milking, feeding cows in parlor, cycling bulls during breeding season, sanitizing and preparing the parlor for milking, bringing cows to the barn, preparing, cleaning cows for milking, attaching milk units, cleaning parlor at end of milk shift, pulling sick cows | Clean and prepare milking parlor; prepare cows for milking, operate milking equipment, check herd for illnesses, assist with calving | Clean and prepare milking parlor; prepare cows for milking, operate milking equipment, check herd for illnesses, assist with calving |

5. Based on U.S. DOL's apparent unannounced change in requirements for temporary labor certification applications, Twin Lakes Dairy provided a more extensive job description in connection with its July 2008 Re-application for Temporary Labor Certification ("July 2008 Application").

6. Along with its July 2008 Application, Twin Lakes Dairy also submitted a payroll summary showing average quarterly payroll of $113,597.58 for Quarters 1, 2, and 4 in 2007. Quarter 3, however, showed a total payroll of $47,500.98; this is the Quarter during which Twin Lakes Dairy does not need or employ Milkers/Calf-Raisers.

7. To further illustrate the reason why the "appearance" of year-round work was based on a false premise, Twin Lakes Dairy also provided a Calving Schedule for 2008. This Calving Schedule confirmed that no calves would be born from May to September each year. Additionally, not only were no calves born, no unweaned calves required intensive support in July and August 2008.

8. In response to this extensive job description, the Payroll Summary, and the Calving Schedule, on August 6, 2008 U.S. DOL again changed the requirements for temporary labor certification applications. In its August 2008 Modification Letter, U.S. DOL noted that Twin Lakes Dairy previously (2006 and 2007) provided an internet article to demonstrate temporary need but no such article was included with its July 2008 Application.

9. According to U.S. DOL in August 2008, the online article "demonstrated the seasonal production of milk." If, however, this online article demonstrates the seasonal production of milk, there is no explanation why U.S. DOL rejected Twin Lakes Dairy's June 2008 application (which included the aforementioned online article). U.S.

DOL rejected Twin Lakes Dairy's June 2008 Application apparently because "the application does not include any documentation describing the temporary or seasonal nature of the job duties."

10.    The June 2008 Application identified Twin Lakes Dairy's initial date of need for H-2A visa workers as September 1, 2008.  However, U.S. DOL's subsequent rejections of the June and July 2008 Applications have resulted in the start date changing to October, if at all.

11.    By mid- to late-September 2008, Twin Lakes Dairy will have nearly 400 cows calving.  Beginning in October 2008, Twin Lakes will have an additional 800 cows calving.  In the next sixty (60) days, Twin Lakes Dairy will be forced to manage over 1,000 new calves as well as milk the entire herd of more than 2,000 cattle.

12.    The U.S. government created the H-2A temporary visa program because employers are unable to locate a sufficient supply of U.S. agricultural workers.  The H-2A temporary visa program is a means for agricultural employers, like Twin Lakes Dairy, to bring foreign workers to the United States to perform agricultural labor of a seasonal nature.  U.S. DOL's approval of temporary alien labor certification is the first process in obtaining H-2A visas.

13.    To protect U.S. workers, U.S. DOL has a number of requirements to obtain temporary alien labor certification, including requiring employers actively recruit U.S. workers, pay the adverse effect wage rate (currently $9.02 in Texas), provide free housing, furnish free and convenient cooking and kitchen facilities, provide transportation, provide workers compensation insurance, and provide tools and supplies. For nearly ten (10) years Twin Lakes Dairy has met all U.S. DOL requirements.

14. In accordance with DOL requirements Twin Lakes Dairy will pay its H-2A workers the current adverse effect wage rate of $9.02 per hour. The wage Twin Lakes Dairy pays its H-2A workers is significantly more then the federal minimum wage of $6.55 per hour.

15. As Twin Lakes Dairy has proven for nearly ten (10) years, Twin Lakes Dairy cannot hire U.S. workers to fill its short-term needs. A majority of Twin Lakes Dairy's workforce, therefore, is comprised of H-2A visa workers. U.S. DOL's rejection of Twin Lakes Dairy's Application for Temporary Alien Labor Certification will result in Twin Lakes Dairy being unable to remain in business.

## II.
## PARTIES

16. Twin Lakes Dairy L.P. is a family owned dairy farm in Texas. Twin Lakes Dairy is a Texas limited partnership currently doing business in Ben Wheeler, Texas.

17. Defendant Elaine L. Chao, U.S. Secretary of Labor, is the head of the United States government agency based in Washington, D.C., and must be served with process by serving in person U.S. Attorney for Northern District of Illinois, Eastern Division, Patrick J. Fitzgerald, 219 S. Dearborn St., 5th Floor, Chicago, Illinois 60604, and serving by registered or certified mail U.S. Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530-0001, and serving by registered or certified mail U.S. Department of Labor, Frances Perkins Building, 200 Constitution Ave., NW, Washington, D.C. 20210.

18. Defendant U.S. Department of Labor is a United States governmental agency based in Washington, D.C. with regional offices throughout the United States,

including Chicago, Illinois, and may be served with process by serving in person the U.S. Attorney for Northern District of Illinois, Eastern Division, Patrick J. Fitzgerald, 219 S. Dearborn St., 5th Floor, Chicago, Illinois 60604, and serving by registered or certified mail U.S. Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530-0001, and by serving by registered or certified mail U.S. Department of Labor, Frances Perkins Building, 200 Constitution Ave., NW, Washington, D.C. 20210.

### III.
### JURISDICTION

19. This Court has proper jurisdiction pursuant to 28 U.S.C. §1361, also known as "The Mandamus Act." The statute provides that "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." In addition, Plaintiff has raised a federal question pursuant to 42 U.S.C. § 1983.

### IV.
### VENUE

20. Venue is proper in the Northern District of Illinois pursuant to 5 U.S.C. § 703. The statute provides that "the form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action, including actions for declaratory judgments or writs of prohibitory or mandatory injunction or habeus corpus, *in a court of competent jurisdiction*." 5 U.S.C. § 703 (emphasis added). In addition, venue is proper in the Northern District of Illinois because the events forming

the basis of the suit occurred in this District and the U.S. DOL office responsible for accepting and processing Plaintiff's H-2A visa application is located in this District.

## V.
## MANDAMUS RELIEF

21. U.S. DOL's response to Twin Lakes Dairy's June and July 2008 Applications, when examined collectively, demonstrate a significant shift in H-2A processing, and reveal a level of arbitrariness and caprice unacceptable in the administration of a long-standing and well-documented government program. There can be no doubt that the H-2A program, including its statutory and regulatory basis, has not changed since 2003. Yet, despite the fact that the data and law remain the same, U.S. DOL reached a new conclusion to Plaintiff's extreme detriment.

22. U.S. DOL's arbitrary and capricious decisions to reject Plaintiff's June and July 2008 Applications depart from established precedent without a reasoned explanation and, therefore, are a violation of 42 U.S.C. §1983. Plaintiff's previously accepted Temporary Labor Certification applications were identical in substance and form to the June and July 2008 Applications.

23. Plaintiff attempted to resolve this matter without involving the Court; Plaintiff, however, has been wholly unsuccessful. There is no other agency that is able to grant the relief Plaintiff seeks.

24. Plaintiff's inability to fully staff its operation as a result of U.S. DOL's arbitrary and capricious actions will result in significant financial loss, irreparable harm, and the inability to remain in business.

25. The injunctive relief Plaintiff seeks will not harm the public interest. U.S. DOL is charged with protecting the United States labor market and, by certifying that

Twin Lakes Dairy has no pool of qualified and available workers for nearly ten (10) years, U.S. DOL has agreed that Twin Lakes Dairy's efforts to hire foreign labor will have no adverse effect on the public.

## VI.
## RELIEF SOUGHT

26. WHEREFORE, cause having been shown, Plaintiff prays for affirmative relief as follows:

　　a.　For a Preliminary Injunction and Temporary Injunction granting Plaintiff Temporary Alien Labor Certification on behalf of twenty (20) un-named workers for the pendency of the above-captioned lawsuit;

　　b.　For an Order directing Defendants to accept Plaintiff's Application for Temporary Alien Labor Certification on behalf of twenty (20) un-named workers;

　　c.　For an Order awarding Plaintiff the costs of the action;

　　d.　For an Order awarding Plaintiff its attorneys fees; and

　　e.　For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

| | |
|---|---|
| Dated:  August 28, 2008 | /s/ John C. Gardner<br>One of the Attorneys for Plaintiff |

Michael R. Phillips
John C. Gardner
McGuireWoods LLP
77 West Wacker Drive
Suite 4100
Chicago, IL 60601
(312) 849-8100 (Telephone)
(312) 849-3690 (Facsimile)
mphillips@mcguirewoods.com
jgardner@mcguirewoods.com

Of Counsel:

Paul W. Simon
The Coles Firm, P.C.
One Energy Square
4925 Greenville Ave., Suite 1250
Dallas, Texas 75206
(214) 849-0975 (Telephone)
(972) 692-7145 (Facsimile)
pauls@colesfirm.com

/6515617.1